FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 NOV -4 PM 1: 07

| | | |
|---|---|---|
| DARREN KEITH MARTIN, | ) | |
| Movant, | ) | Case No. 1:02-CR-00105 CINCINNATI |
| | | (Spiegel, J.) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MOTION TO EXPAND THE RECORDS AND REQUEST FOR
## EVIDENTIARY HEARING PURSUANT TO RULE 7(b) AND
## 8(b), FEDERAL RULES GOVERNING § 2255 PROCEEDINGS

COMES NOW, the Movant, Darren Keith Martin, pro se, who respectfully moves the Court pursuant to Federal Rule Governing Section 2255 Proceedings 7(b), for Expansion of the Records in the above captioned cause to include as EXHIBIT "A", a letter addressed to the Movant dated October 19, 2005, from Assistant Federal Public Defender Mr. C. Ransom Hudson attached hereto, to be considered in the determination of this case.

Further, pursuant to Rule 8(b), Federal Rule Governing Section 2255 Proceedings, the Movant requests the Court to schedule an evidentiary hearing to determine the merits of his claim of ineffective assistance of counsel, due to defense counsel's deficient performance, by counsel's clear failure to perfect an appeal as instructed by the Movant, which deprived Movant of both his statutory and constitutional rights to an appeal from the erroneous and unlawful sentence imposed by the Court on March 27, 2003. Rule 7(b), Federal Rule Governing § 2255 Proceedings, provides in pertinent part the type of material for expansion of the record in this particular case to "[i]nclude letters predating the filing of the motion, documents, exhibits . . . , " and Rule 8(b) provides that "[a] judge may under 28 U.S.C. § 636(b),

refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition." In support thereof, the Movant would respectfully submit the following:

## PROCEDURAL HISTORY

On July 18, 2002, a federal indictment was filed against the Movant in the United States District Court for the Southern District of Ohio, Western Division, charging the Movant with bank robbery and use of a firearm during an act of violent. (doc. entry no. 48). On September 27, 2002, the Movant entered a plea of guilty to the bank robbery charge (the charge of using a firearm during an act of violence was dismissed) (Id.). On March 27, 2003, the Movant was sentenced by the Court to one hundred and eighty-eight (188) months incarceration followed by five (5) years of supervised release (Id.). During each of the pre-trial proceedings, the Movant was represented by Assistant Federal Public Defender, Mr. C. Ransom Hudson, of the Cincinnati Federal Public Defenders Office.

On February 9, 2004, the Movant filed a pro se motion for reconsideration (doc. entry no. 38) and on March 15, 2004, filed a motion to amend (doc. entry no. 41). On April 6, 2004, the Court in the instant case issued an Order requesting the Movant either re-characterize his earlier motions as a Section 2255 motion or to file a notice withdrawing his motion (doc. entry no. 42). Further, on April 23, 2004, the Movant in compliance with the Court's April 6, 2004 Order, filed a notice re-characterizing his motion as a § 2255 motion (doc. entry no. 43).

In this particular case, the United States in response to Movant's § 2255 motion provided arguments in opposition to all of the Movant's allegations (doc. entry no. 48), as well as requested the Court to supplement the record by either seeking testimony from trial counsel via affidavit or via live testimony in response to Movant's claim regarding ineffective assistance of counsel. (Id.).

On October 2, 2004, the Court in the instant case enter an Order finding

the United States suggestion appropriate and summarized the following order:

(doc. entry no. 49, page 3)

> "[A]s such, the Court hereby ORDERS Federal Public
> Defender, C. Ransom Hudson, to provide forthwith to
> the Court an affidavit responding to Defendant's
> claims of ineffective assistance of counsel as
> related to this matter. After Mr. Hudson has
> submitted his affidavit to the Court, the Court
> will rule on the motion before it."

SO ORDERED.

Dated: October 2, 2004    /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States District Court Judge

Even though the United States suggested also live testimony from defense

counsel in its opposition response, it would certainly appear clear that Assistant

Federal Public Defender Mr. Hudson, had no intentions of complying with the District

Court Order as instructed by the Court on October 2, 2004, to provide an affidavit.

More than one year later, and obviously after failing to comply with a federal

court order, Mr. Hudson addressed a letter to the Movant on October 19, 2005.

See attached Exhibit marked "A". Mr. Hudson's letter should be considered a

disgrace and a mockery to justice, as well as he should be brought up for some

sort of discipline. Mr. Hudson's letter is blatant lies, and he should now be

ordered to appear before this Court to provide sworn testimony regarding his

deficiency and failure to respond to the October 2, 2004 court order, that

has clearly prolonged this case. The Movant in this case is clearly entitled to

relief. The Movant has not responded to Mr. Hudson's October 19, 2005 letter,

and would now agree with the United States suggestion of providing live testimony

during an evidentiary hearing. The Movant believes that an affidavit at this

point from Mr. Hudson would only serve to prejudice him, because Mr. Hudson has

- 3 -

already shown or demonstrated a clear disregard of judicial authority, as being instructed by the Court in this particular case. Mr. Hudson failed to perfect an appeal after being instructed to do so by the Movant, and further failed to comply with a District Court order as instructed by the Court more than a year ago.  The Court in this instant, should appoint counsel; vacate the Judgment entered by the Court on March 27, 2003, sentencing the Movant to 188 months imprisonment; order a new sentencing hearing; and afford the Movant an opportunity to exercise his statutory and constitutional rights to appeal the sentence with counsel.  Anything short of this suggestion would certainly constitute a miscarriage of justice. Therefore, the Movant should be permitted to expand the record with Mr. Hudson's apparent misleading and deceitful letter to reveal his true character as counsel in the instant case, and the Court should hold an evidentiary hearing on these claims in the interest of judicial economy.

> SHOULD THE MOVANT BE ALLOWED TO EXPAND THE RECORD
> WITH RELEVANT MATERIAL THAT SUPPORTS HIS CLAIM OF
> COUNSEL'S DEFICIENT PERFORMANCE THAT DEPRIVED
> MOVANT OF HIS RIGHTS PROTECTED UNDER THE FIFTH
> AND SIXTH AMENDMENTS OF THE U.S. CONSTITUTION ?

ANSWER:   In the Affirmative.

The Movant in this particular case is a federal prisoner serving a lengthy prison term of 188 months imprisonment, with five years supervised release.  The Movant would respectfully submit that Assistant Federal Public Defender Mr. C. Ransom Hudson failed to perfect an appeal in this case pursuant to 18 U.S.C. § 3742, from the sentence wrongfully imposed by this Court on March 27, 2003, thereby depriving Movant of his statutory and constitutional rights to appellate review.  Mr. Hudson failed to file with the Court a motion seeking his withdrawal as counsel before abandoning Movant's case.  The letter the Movant desire to

- 4 -

expand the records will disclose evidence to support each element of his claim. The letter deals, at least predominantly, if not exclusively, with Mr. Hudson's manipulation. It should be the Court's inescapable conclusion in this case, that Mr. Hudson's incompetency and deficient performance amounted to ineffective assistance of counsel, which deprived Movant of his rights under the Fifth and Sixth Amendments of the United States Constitution.

Now the Movant would respectfully submit that either on a party's motion or sua sponte, a federal court "may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." Rule 7(a) of the Rules Governing § 2255 Cases. See Lonchar v. Thomas, 517 U.S. 314, 326 (1996). The expanded record may include without limitation, letters, predating the filing of the petition in the district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the Judge. See, e.g., Advisory Committee Note of Rule 7 of the Rules Governing § 2254 Cases; Machibroda v. United States, 368 U.S. 487, 495 (1962); Schlup v. Delo, 513 U.S. 298, 308-10 & n.18 (1995)(approvingly discussing petitioner's request to "supplement the record" and thereby "buttress his claims of innocence" in support of "manifest miscarriage of justice."). In this particular case, counsel's failure to perfect an appeal satisfy the well established principles under Strickland v. Washington, 466 U.S. 668 (1984). Mr. Hudson's performance on direct appeal was below the level of professional skill customary for competent counsel similarly situated.

The factual complication that give rise to the Movant's problem is that he was clearly deprived of his rights to appellate review of the sentence unlawfully imposed on March 27, 2003, and the Court should accept the letter attached hereto as relevant evidence supporting Movant's claims. The Movant has provided a

meaningful analysis of the facts under the Constitutional provisions, and statutes,

case law and evidentiary rules of his claims that warrant the Court's consideration,

and an evidentiary hearing on the merits thereof, under provisions governing §

2255 cases in this matter, The current case contains a similar plethora of

circumstantial evidence as found in Fields v. Bagley, 275 F.3d 478, 483 (6th

Cir. 2000). For precisely the same reasons, the Court must vacate it's judgment

entered on July 28, 2004, and resentence the Movant anew to avoid further manifested

miscarriage of justice, due to defense counsel's outrageous misconduct that unfort-

unately deprived movant of his substantive rights to appellate review of his

unlawful sentence.

    WHEREFORE, in the interest of judicial economy, and Rules 7(a) and (b),

and 8(b) of the Rules Governing § 2255 Proceedings, and based upon the serious

deprivation of Movant's rights guaranteed under the Fifth and Sixth Amendments of

the United States Constitution, the Movant prays the Court will promptly and

appropriately grant this particular motion by expanding the records thereof to

include but but not limited to the attached EXHIBIT "A". The motion is brought in

good faith and for a just cause.

Respectfully submitted,

Dated:  11-1-05

DARREN KEITH MARTIN, pro se
Federal Register No. 03606-061
Federal Correctional Institution
P.O. Box 8000
Bradford, Pennsylvania  16701

- 6 -

## CERTIFICATE OF SERVICE

This is to certify that I have mailed a true and correct copy of this

motion to the person(s) listed below first class mail, postage prepaid on this

_____ day of ___November___ , 2005.  28 U.S.C. § 1746.

Mr. Anthony Springer, AUSA
OFFICE OF THE U.S. ATTORNEY
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202

DARREN KEITH MARTIN, pro se

- 7 -