FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 DEC 29 PM 1:34

| | |
|---|---|
| DARIN KEITH MARTIN, ) | Case No. CR-1-02-105 |
| Movant, ) | (Sr. J. SPIEGEL) |
| v. ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**MOVANT'S REPLY TO UNITED STATES RESPONSE TO DEFENDANT'S
MOTION TO EXPAND RECORDS AND REQUEST FOR EVIDENTIARY HEARING**

The Movant, DARIN KEITH MARTIN, respectfully present on his behalf and as a pro se litigant in the above style action, his Reply to the United States Response to Defendant's Motion to Expand Records and Request for Evidentiary Hearing. In reply to the Government's untimely and, as well, as unusual response, the Movant will submit the following:

First, the Government's response has been brought in bad faith, and should not be considered well taken due to the fact that the response circumvent an order of a United States District Judge entered on October 2, 2004, directing defense counsel Federal Public Defender, C. Ransom Hudson, to provide an affidavit responding to Defendant's claim of ineffective assistance of counsel as relates to this matter, who then after completely failing to comply, one year later address a letter to Movant, in which MARTIN seeks to expand the record with, under Rule 7, Federal Rules Governing Section 2255 Proceedings. It would appear quite obvious that no sound minded and skilled attorney would ignore a federal Judge's order for over one year without putting forth some sort of an effort to atleast give off an impression of complying. Attorney Hudson simply failed and the government

failed as well in its duty to insure that Mr. Hudson complied with Judge Spiegel's October 2, 2004 order. The Movant does not want to appear too critical, but right now his statutory and constitutional rights have been infringed upon resulting from counsel Hudson's incompetency and failure to perfect an appeal in this particular case. It would appear at this point that Rule 8(b), Federal Rules Governing Section 2255 Proceedings would be most appropriate for the Court in handling this matter. Rule 8(b) specifically states:

> "[A] judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition . . . . "

Attorney Hudson owe the Court an explanation for (1) his failure to perfect an appeal on the movant's behalf and (2) his failure to comply with Judge Spiegel's October 2, 2004 order, specifically instructing counsel Hudson to provide an affidavit. The Government has already requested, and the Court noted on Page Two of its October 2, 2004 order that "[H]owever, the United States does request the Court to supplement the record by either seeking testimony from trial counsel via affidavit or via live testimony in response to Defendant's claim regarding ineffective assistance of counsel." Id.

Now the Movant himself has sought to expand the records and has asked the Court to schedule an evidentiary hearing, in which the Government's latest position in its response is not only inconsistent but is rather confusing. The Government has the audacity to insinuate that the movant is "hiding behind" attorney-client privilege, and has now asked the Court to hold movant's Motion to Expand the Records and Request for Evidentiary Hearing in abeyance pending petitioner's written submission of his attorney-client privilege.

The Movant in this case has raise some serious allegations concerning a

deprivation of his substantive rights. The factual complication that give rise to Martin's problem is the fact that he was clearly deprived of his rights to appellate review of the sentence unlawfully imposed on March 27, 2003. The movant has provided a meaningful anaysis of the facts under the Constitutional provisions, and statutes, case law and evidentiary rules of his claims that warrants the Court's consideration, and an evidentiary hearing on the merits thereof, under provisions governing § 2255 cases in this matter. In this particular case, counsel's failure to perfect an appeal satisfy the well established principles under Strickland v. Washington, 466 U.S. 668 (1984). The current case contains a similar plethora of circumstantial evidence as found in Field v. Bagley, 275 F.3d 478, 483 (6th Cir. 2000). For precisely the same reasons, the Court must vacate it's judgment entered on March 27, 2003, and resentence the movant anew to avoid further manifested miscarriage of justice in this case, due to defense counsel's outrageous misconduct that unfortunately deprived Martin of his substantive rights to appellate review of his unlawful sentence.

In Fields the Sixth Circuit held that a defendant is entitled to the effective assistance of counsel in his first appeal as a matter of right. Id. 275 F.3d at 483. See Smith v. Robbin, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756, 775 (2000); Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). As the Supreme Court has stated "a criminal appellant must face an adversary proceeding that like a trial is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant like an unrepresented defendant at trial is unable to protect the vital interests at stake." Id. In this particular case, counsel Hudson outright failed to perfect an appeal, and in doing so failed to remove himself as movant's counsel. This in itself is a serious violation of movant's rights protected by both the Fifth and Sixth

Amendments under the United States Constitution. What is now more intriguing about the Government's latest response is that the prosecutor as a representative of the United States of America must protect the integrity of the Court and the criminal justice system, as established in Mooney v. Holohan, 294 U.S. 103 (1935); Berger v. United States, 295 U.S. 78 (1935); Harrison v. United States, 392 U.S. 219 (1968). Even in United States v. Cronic, 466 U.S. 648, 659 n.25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the Supreme Court held that a defendant's conviction must be automatically reversed without any specific showing of prejudice "when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." In the instant case, counsel Hudson's deficient performance has unequivocally struck at the fundamental fairness, honesty or public reputation. Martin's counsel simply did not provide any assistance at all on direct appeal, let alone effective assistance.

In sum, Martin's counsel violated several Ethical Considerations under the Ohio Code of Professional Responsibility in leaving his client with no representation on appeal of his sentence imposed by this Court on March 27, 2003. See EC 2-30 ("Trial counsel for a convicted defendant should continue to represent his client by advising whether to take an appeal and, by representing him through the appeal unless new counsel is substituted or withdrawal is permitted by the appropriate court."); EC 2-31 ("a lawyer should protect the welfare of his client by giving due notice of his withdrawal, suggesting employment of other counsel, delivering to the client all papers and property to which the client is entitled, cooperating with counsel subsequently employed, and otherwise endeavoring to minimize the possibility of harm."). There should be absolutely no doubt that defense counsel Hudson's conduct in this case, fell below basic standards of assistance and, in considering counsel's professional failures, the results of the

proceedings would likely have been different, i.e., Martin was prejudiced thereby.

Finally, Martin would again reiterate that either on a parties motion or sua sponte, a federal court may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition. Rule 7(a) of the Federal Rules Governing § 2255 cases. See Lonchar v. Thomas, 517 U.S. 314, 326 (1996). The expanded record may include without limitation, letters, predating the filing of the petition in the district court, documents, exhibits, and answers under oath, if so directed, to written interrogatories propounded by the Judge. Therefore, in this case, the Court should clearly exercise its equity authority, and grant (1) Movant's motion to expand the records with defense counsel Hudson's October 19, 2005 letter; (2) enter an order scheduling an evidentiary hearing as requested by the Government, and now sought by Martin and (3) grant movant the relief sought in his § 2255 motion.

WHEREFORE, the Movant, DARIN KEITH MARTIN, respectfully prays based upon the facts and law stated above that the Court enter an order denying Respondent's Response to Defendant's motion to Expand Records and Request for Evidentiary Hearing as not well taken, inconsistent, and brought in bad faith. The Movant further prays the Court will enter an order granting his Motion for Expansion of the Record, and scheduling a date for an evidentiary hearing as requested by the Government and now the Movant. Martin respectfully submit that this reply is brought in good faith, and in the interest of judicial economy, and with the assistant of inmate counsel. Johnson v. Avery, 393 U.S. 483 (1969). The Supreme Court in Johnson, supra, recognized that even with the help of experienced prison "writ writers," petitions filed without the assistance of an attorney are "often so unskillful as to be a burden on the courts which receive them." However, in Haines v. Kerner, 404 U.S. 519, 520 (1972), the Supreme Court held that

- 5 -

"however inartfully pleaded," the allegations of [a] pro se complaint (are held) to less stringent standards than formal pleadings drafted by lawyers." See Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004). The Movant believes he is entitled to expand the record in this particular case, and the Court's consideration for an evidentiary hearing.

Respectfully submitted,

Dated: 12-22-05

DARIN KEITH MARTIN, pro se
Federal Register No. 03606-061
Federal Correctional Institution
McKean
P.O. Box 8000
Bradford, Pennsylvania 16701

## CERTIFICATE OF SERVICE

This is to certify that I have mailed a true and correct copy of Movant's Reply to United States Response to Defendant's Motion to Expand Records and Request for Evidentiary Hearing to Mr. Anthony Springer, AUSA, United States Attorney's Office, Souther District of Ohio, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202, first class mail, postage prepaid on this 22 day of December, 2005. 28 U.S.C. § 1746.

DARIN KEITH MARTIN, pro se