# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. CR- 1-02-105 |
| Plaintiff, | : | Senior Judge Spiegel |
| v. | : | |
| DARIN KEITH MARTIN, | : | **AFFIDAVIT OF C. RANSOM HUDSON** |
| Defendant. | : | |

C. Ransom Hudson swears and subscribes that if he were called to testify, he would testify as follows:

1. I am an Assistant Federal Public Defender employed by the Federal Public Defender's Office for the Southern District of Ohio and have been employed in that capacity since October 30, 1995. I am an attorney admitted to practice before the Supreme Court of Ohio and the United States District Court for the Southern District of Ohio.

2. I was appointed to represent Darin Martin on July 29, 2002, in relation to charges of Bank Robbery, and Possession of a Firearm During the Commission of a Crime of Violence. An Indictment was filed on August 7, 2002 alleging in count one that Mr. Martin committed Bank

Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2, by using force, violence, and intimidation, to take $13,909 in U.S. currency from Key Bank, located at 11355 Princeton Pike, Cincinnati, OH. In addition, count two of the Indictment alleged that Mr. Martin used and carried a firearm during the commission of the bank robbery in violation of 18 U.S.C. § 924(c)(1)(A) [the 924(c)charge].

3. Plea negotiations were undertaken on Mr. Martin's behalf. As a result of these plea negotiations, the government agreed to dismiss count two (the 924(c) charge) based upon Mr. Martin's plea of guilty to count one of the Indictment charging him with Bank Robbery.

4. On October 9, 2002, Mr. Martin entered his guilty plea to count one of the Indictment (Bank Robbery) pursuant to a Plea Agreement. A Presentence Investigation Report was ordered and a Final Presentence Investigation Report was released to the Court on February 4, 2003. Counsel filed a Sentencing Memorandum and Motion for Downward Departure on January 17, 2003.

5. A Sentencing Hearing commenced on March 26, 2003, at which time Mr. Martin was sentenced to 188 months in the custody of the Bureau of Prisons for the Bank Robbery. At the conclusion of the hearing, Mr. Martin was advised of his right to appeal, including that he would need to file a Notice of Appeal within ten days of the filing of the judgment entry. Mr. Martin indicated to the Court that he understood these rights.

6. Shortly after the sentencing hearing, Counsel visited Mr. Martin in the U.S. Marshals holding cell and discussed his right to appeal. Among other things, counsel reminded Mr. Martin that the government had dismissed the 924(c) charge, thus avoiding a consecutive mandatory 60 month sentence. Counsel also informed Mr. Martin that, in the event of a appeal decision favorable to Mr. Martin, the government could attempt to withdraw its plea agreement and reinstate the 924(c) charge . Mr. Martin indicated that he understood these concepts. At no time during this meeting did Mr. Martin advise counsel that he wished to appeal his conviction or sentence nor was there a request made that a Notice of Appeal be filed on his behalf.

7.  On March 31, 2003, Counsel and Mr. Martin discussed, via telephone, the fact that a recommendation for the 500-hour intensive drug treatment program that had been left out of the Judgment filed March 27, 2003. Counsel indicated that he would ensure that the recommendation be added to the Judgment. At no time during this conversation did Mr. Martin indicate that he wanted to file a Notice of Appeal.

8.  On April 7, 2003, the Court issued an Amended Judgment which contained the drug program recommendation. Counsel mailed the Amended Judgment Mr. Martin at the Boone County Jail on April 8, 2003.

9.  Counsel has reviewed Mr. Martin's file, and other records kept in the regular course of business and no documentation, correspondence, or other information has been found that would suggest that Mr. Martin requested that an appeal be filed on his behalf within the applicable time period to file a Notice of Appeal. Counsel received a letter from Mr. Martin, dated June 25, 2003, requesting a copy of his file maintained by the Federal Public Defender's Office. Mr. Martin's June 25, 2003 letter

was a request only for information contained in his file and it did not request that an appeal be pursued on his behalf.

_____
C. Ransom Hudson


Sworn to and Subscribed in my presence on May 25, 2006 in Cincinnati, Ohio.

_____
Notary Public

W. KELLY JOHNSON, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date
Section 147.03 O. R. C.