```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION

UNITED STATES OF AMERICA,      :
                               : NO. 1:02-CR-00105
        Plaintiff,             :
                               :
                               :
    v.                         :
                               : OPINION AND ORDER
                               :
DARIN KEITH MARTIN,            :
                               :
        Defendant.             :
                               :
```

This matter is before the Court on Defendant's Motion for Reconsideration (doc. 38), United States' Response (doc. 39), Defendant's Supplement to Defendant's Motion for Reconsideration (doc. 41), United States' Response to Defendant's Supplement (doc. 48), Defendant's Motion to Expand Record and for Evidentiary Hearing (doc. 50), United States' Response (doc 51), and Defendant's Reply Memo to the United States' Response (doc. 52).

For the reasons indicated herein, the Court DENIES Defendant's Motion for Reconsideration and DENIES Defendant's Motion to Expand Record and for Evidentiary Hearing.

I. **PROCEDURAL BACKGROUND**

On September 27, 2002, Defendant Darin Keith Martin pleaded guilty to charges under 18 U.S.C. § 2113(a) and (d) (doc. 39). On March 27, 2003, this Court imposed a sentence of one hundred and eighty-eight (188) months incarceration followed by

five (5) years of supervised release (doc. 48). Defendant did not file a direct appeal (doc. 39).

On November 26, 2004, Defendant filed a Motion by letter, construed by the Court to be a Motion to Compel Production of Discovery Record, in which he asked the Court to require his attorney, Federal Public Defender C. Ransom Hudson (hereinafter "Mr. Hudson"), to provide Defendant with documents contained in his case file (doc. 34). In light of uncontested evidence that Defense Counsel responded to Defendant's request to the extent possible by law (doc. 35), the Court denied Defendant's motion on January 29, 2004 (doc. 37).

On February 9, 2004, Defendant filed a Motion for Reconsideration (doc. 38), followed by a Motion to Supplement Motion for Reconsideration on March 15, 2004 (doc. 41). Therein, Defendant asked that the Court reconsider its January 29, 2004 Order (doc. 37) and remove Mr. Hudson as counsel due to irreconcilable differences (doc. 38). In response, the Government noted that Defendant's motion appeared to be an ineffective assistance of counsel claim and suggested that the Court require that Defendant re-characterize his motion (doc. 39). Mr. Hudson filed a parallel Motion to Withdraw as Counsel on March 3, 2004 (doc. 40). On April 6, 2004, this Court issued an Order granting the Motion to Withdraw as Counsel and requiring Defendant to either re-characterize his motions as a Section 2255 Motion or withdraw

them (doc. 42). On April 23, 2004, Defendant filed a notice recharacterizing his motions as a Section 2255 Motion (doc. 43).

On October 2, 2004, the Court ordered Mr. Hudson to provide an affidavit responding to Defendant's claims of ineffective assistance of counsel (doc. 49). Due to errors unknown to the Court, Mr. Hudson did not receive the Order (doc. 53). After learning of the Order, Mr. Hudson took the necessary steps to comply, including writing the Defendant to obtain his permission to submit the affidavit in consideration of attorney/client privilege issues (Id.). Defendant refused to give Mr. Hudson permission to submit the affidavit (doc. 53). Pursuant to Rule 7(b) and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, Defendant requested an expansion of the record to include a letter from Mr. Hudson and an evidentiary hearing to determine the merits of his claim of ineffective assistance of counsel (doc. 50). The Government's response claimed that Defendant implicitly waived his attorney-client privilege and argued that Defendant cannot simultaneously hide behind the attorney/client privilege while using privileged information to build his case (Id.).

On January 19, 2006, the Court issued an Order requiring Defendant to respond to Mr. Hudson, either granting permission for or explicitly rejecting the submission of the affidavit (doc. 53). On January 30, 2006, Defendant filed a waiver of attorney/client

privilege (doc. 54). The Court received the affidavit of Mr. Hudson on May 26, 2006 (doc. 56).

## II. DEFENDANT'S SECTION 2255 MOTION

Having resolved the foregoing issues, the Court now considers the merits of the case. Defendant's Section 2255 Motion (doc. 38) asserts several grounds for relief. First, he alleges ineffective assistance of counsel, based on Defense counsel's alleged failure to explain the sentencing guidelines and to file an appeal of Defendant's sentence (Id.). Second, Defendant contends that the Government breached the plea agreement through the use of a victim statement, improperly influencing the Court's 188 month sentence determination (Id.). Defendant also argues that the language of the plea agreement is ambiguous and that any enhancement not included therein are unconstitutional (Id.). Finally, Defendant maintains that the Government must furnish notice of all aggravating circumstances justifying the enhancement of his sentence (Id.).

In response, the Government contends that Defendant's claims are frivolous and should be dismissed (doc. 48). With regard to the ineffective assistance of counsel claim, Government argues that Defendant fails to make out a prima facie case, as he has not demonstrated either deficient performance of counsel or resulting prejudice (Id.). Second, the Government argues that the use of the victim impact at sentencing is not a breach of the plea

agreement, noting that the agreement contains no language which requires the Government to remain silent at sentencing (Id.). They claim the base offense level increased from 28 to 34 as a result of the Defendant's criminal history (the probation department determined that the Defendant was a career offender), not as a result of a breach of the plea agreement or Government action (Id.). Furthermore, the Government contends the plea agreement is clear and incorporates the complete understanding between the parties, noting that the agreement was orally detailed at trial, the Defendant related to the Court that this was his understanding and signed the agreement (Id.). With regard to sentencing enhancements not detailed in the plea agreement, the Government argues that Defendant acknowledged that the U.S. Probation Department would prepare a sentencing recommendation for the Court and was given an opportunity to review and challenge this report (Id.). The Government similarly disputes Defendant's argument that they must provide notice of their intention to impose extended terms of imprisonment.

**III. ANALYSIS**

Having reviewed this matter the Court finds the Government's position well-taken and thereby denies Defendant's Section 2255 Motion.

**A.  Ineffective Assistance of Counsel**

5

Defendant first claims ineffective assistance of counsel based on his attorney's alleged failure to explain the sentencing guidelines and to file an appeal on his behalf (doc. 41). In order to establish ineffective assistance of counsel the Defendant must show (1) the counsel's performance was deficient and (2) the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The sufficiency of counsel's performance is determined by an objective standard of reasonableness. Id. Judicial scrutiny of counsel's performance must be highly deferential, with counsel strongly presumed to have provided adequate assistance. Id.

In this case, the Defendant fails to overcome this presumption. The Government correctly notes that, during his change of plea proceeding, Defendant acknowledged discussions with Mr. Hudson regarding the sentencing guidelines and their potential application to his case (doc. 20). Moreover, Mr. Hudson's sworn affidavit indicates that no documentation, correspondence, or other information in Defendant's file indicates that a request for appeal was made, nor did Defendant advise counsel directly of his desire to file an appeal (doc. 56). The Court thereby finds Defendant's allegations of ineffective assistance lack merit.

**B. Breach of Plea Agreement**

Defendant next contends that the Government breached the plea agreement through the use of a victim impact statement, which he claims resulted in a longer sentence (doc. 41). The Court finds Defendant's reliance on U.S. v. Mitchell, 136 F.3d 1192 (8th Cir. 1998) to be misplaced. In Mitchell, the plea agreement called for the Government, amongst other things, to file a motion seeking a downward departure. Id. Though the Government filed the motion, the Court found that it "violated the spirit of the...plea agreement" by instructing the court that Defendant already received his reward by being charged with a lesser offense and introducing victim impact testimony. Id.

The instant case is distinguishable, as Defendant received the promises of the plea agreement without Government interference. The plea agreement provides that Defendant not be charged with violating 18 U.S.C. § 924(c)(1)(A) in exchange for a guilty plea and requires the Government to recommend a three level reduction for Defendant's acceptance of responsibility (doc. 17). The record reflects that the Government recommended and the Defendant received the sentence reduction and faced only the charge agreed to in the plea agreement (doc. 47). The Government neither breached nor undermined the plea agreement.

With regard to the victim impact statement, the Government correctly argues that there is no language in the plea agreement requiring it to remain silent at sentencing (doc. 17).

Moreover, Defendant received an increased sentence as a result of being a "career offender", not because of the victim impact statement (doc. 47).

**C.  Plea Agreement does not Benefit Defendant**

Perhaps in error, Defendant cites <u>US v. McCray</u>, 849 F.2d 304 (8th Cir. 1998), arguing that the plea agreement to drop the greater charge had no impact on the sentencing guidelines and did not benefit him (doc. 17).  The Court is unaware of the cited case's relevance to his argument, but notes that relevant case law establishes that a plea may not be challenged because the Defendant made what turns out to be a poor deal.  <u>Bradshaw v. Stumpf</u>, 125 S.Ct. 2398, 2407 (2005).  The shortcomings of a plea bargain only cast doubt on the validity of the agreement if the Defendant demonstrates that the plea resulted from constitutionally defective advice of counsel or Defendant's inability to understand the terms of the agreement.  <u>Id</u>.  As previously noted, the Court finds Counsel's assistance to be constitutional.  Therefore, the plea bargain cannot be challenged on that basis.

With regard to Defendant's ability to understand the terms of the agreement, Defendant argues that the Court had a duty to conduct a competency hearing based on evidence of his past irrational behavior (doc. 41). Pursuant to 28 U.S.C. Section 4241, a district court has a duty to conduct a competency hearing where there is reasonable cause to believe that the defendant is

incompetent to stand trial. U.S. v. White, 887 F.2d 705, 709 (6th Cir. 1989). The proper standard for determining competency is whether the Defendant has the present ability to consult his attorney and a rational and factual understanding of the charges brought against him. Dusky v. United States, 362 U.S. 402, 402 (1960).

The Court gave careful consideration to the mental state of the Defendant prior to accepting his change of plea (doc. 20). It was only after considering the Defendant's responsiveness, appearance, answers to the competency colloquy, as well as his Attorney's opinion that Defendant was competent, that the Court accepted the plea (Id.). With regard to Defendant's mental history, as described in the Presentence Report, the record indicates that the Defendant is on medication for his illnesses and the Court finds no indication that Defendant's ability to understand the proceedings or contribute to his defense have been disrupted (Id.). The Court therefore finds Defendant's claim without merit, as the Defendant's competency cannot serve as a basis for challenging the benefit of the plea agreement or as an independent basis for relief under Section 2255.

**D. Plea Agreement is Ambiguous**

The Court finds Defendant's argument that the plea agreement is ambiguous without merit. While Defendant correctly argues that the Government is held to a greater degree of

responsibility for ambiguity in plea agreements United States v. Johnson, 979 F.2d 396, 399 (6th Cir. 1992), he fails to inform the Court of actual ambiguity in the agreement. Moreover, the agreement was orally detailed at the Defendant's change of plea, Defendant acknowledged that the agreement represented the complete understanding of the parties and he signed the agreement (doc. 20).

**E.  Plea Agreement Fails to Set Out Necessary Grounds for Sentencing**

As far as enhancements not detailed in the plea agreement, Defendant cites Burns v. United States, 501 U.S. 129, 138-39 (1991), which stands for the proposition that the Court must give notice of an upward departure on a ground not announced in the presentence report or in a Government motion (Id.). In the instant case, Defendant received a six level enhancement as a result of the U.S. Probation Department's finding that Defendant was a "career offender" (doc. 47). This finding was fully explained in the presentence report, to which the Defendant had ample notice and made no objection at sentencing (doc. 47). The Court therefore finds Defendant's argument without merit.

**IV. CONCLUSION**

For the reasons stated herein, Defendant's Motion for Reconsideration pursuant to Section 2255 is DENIED WITH PREJUDICE (doc. 38). Issuance of a certificate of appealability of this Order pursuant to 28 U.S.C. § 2253(c) is DENIED. The Court hereby

CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order may not be taken in good faith; leave to proceed <u>in forma pauperis</u> on appeal is therefore DENIED.

      SO ORDERED

Date: July 25, 2006                <u>s/S. Arthur Spiegel</u>
                                       S. Arthur Spiegel
                                       United States Senior District Judge